Perkins & Littlefield *vs.* Trippe *et al.*

PERKINS & LITTLEFIELD, plaintiffs in error, *vs.* J. H. TRIPPE, *et. al.*, defendants in error.

(Brown, C. J., having been of counsel in this case, did not preside.)

1. Where there is a bill of interpleader, and the defendants answered, admitting on both sides the fact of the dispute, and the absence of any interest in the stakeholder, the Court will, if possible, take such action as will protect the stakeholder, without delay, leaving to the parties disputing, to litigate between themselves as to their rights.

2. When a bill of interpleader was filed in Fulton Superior Court, by an attorney-at-law, setting forth that under a contract with one member of a dissolved partnership, he had collected money in the name of the firm, that he had received notice from each of the partners, not to pay it to the other, and that one of the firm had moved a rule against him, in Fulton Superior Court, to compel him to pay the money to that one, and it appeared that none of the parties lived in Fulton county, but that one resided in Columbia, one in Burke, and one in Glynn, and that the attorney was ready to pay the money:

*Held,* that on the coming in of the answers admitting these facts, the Court ought, on motion, to have ordered the money paid by the attorney to the party with whom he had contracted, on his giving bond, in double the amount, in the Clerk's office of Fulton county, with good security, approved by the Clerk, payable to the other partners, to account to them for the same, and to have dismissed the bill, leaving the parties to litigate, before the proper tribunal, having jurisdiction of them, their rights in the matters in dispute.

Equity Pleading and Practice. Interpleader. Injunction. Before Judge D. F. HAMMOND, presiding by consent. Fulton County. Chambers. October, 1869.

Trippe ruled Hillyer, of Fulton county, for money collected by him, as an attorney-at-law, for Littlefield, Perkins & Company. Hillyer answered that he had collected the money for said firm, and did not doubt that Trippe was a member of the firm, but that, while he was ready to pay it over, he feared to pay it to Trippe, because the other members of the firm had instructed him not to do so, claiming that Trippe was in debt to the firm, and he was afraid to pay it to the other members, because Trippe had instructed him not to do so, claiming that the firm was in his debt.

Pending this rule, Hillyer filed a bill in said county, where the rule was pending, stating the facts, substantially aforesaid, and praying that said partners should interplead, that meanwhile they be enjoined from proceeding against him, and that such a decree might be had as would protect him in the premises. The Chancellor granted the injunction, and required Hillyer to deposit the money in bank. He did deposit it, payable to his own order.

Each of the defendants answered the bill, admitting the partnership, giving the manner of its formation, etc. Littlefield and Perkins answered that Trippe was indebted to the firm, that at its dissolution, Littlefield was authorized to collect the assets and pay the outstanding debts, and Perkins set up that he, Perkins, employed Hillyer to collect the money, and assumed some of the debts of the firm. They both answered that Perkins was entitled to the money, and that Trippe was insolvent. They lived in Scriven county, and pleaded to the jurisdiction of Fulton Superior Court over them, to compel an accounting with Trippe. Trippe pleaded that he resided in Columbia county, and also to the jurisdiction of Fulton Superior Court, on said ground. He set up that the other members of the firm had defrauded him, and that the firm was in his debt, stating how, etc.

Judge Pope, having been of counsel in the cause, could not preside, and Judge D. F. Hammond, an attorney of the Court, was, by consent, made Judge *pro hac vice.* Before him, Littlefield & Perkins moved to dissolve the injunction, so that

Perkins & Littlefield *vs.* Trippe *et al.*

Hillyer might pay the money to them, and for an order requiring Hillyer so to do, upon the grounds that their answers showed that Trippe ought not to have the money, that Fulton Superior Court had no jurisdiction over the parties, only so far as to protect Hillyer, and that Trippe's remedy was by suit against Perkins & Littlefield, where they resided. Judge Hammond overruled the motion, and error is thereupon assigned upon each of said grounds.

Lochrane & Clark, for plaintiffs in error, said when all defendants answer bill of interpleader, injunction may be dissolved: Adam's Eq., 206. There being no jurisdiction in Fulton county over the defendants: Art. 5, sec. 12, par. 4, Constitution of 1868; secs. 3168-9, Irwin's Code, order should be passed protecting Hillyer, and the parties be sent away to litigate: Jeremy Eq. Juris., 347, 349; 2 Ves. & B., 407, 412, and note. Hillyer should pay the party who employed him: 37th Ga. R., 574. If the firm can be compelled to account with each other here, they can be in any and every county in the State, under like circumstances: Irwin's Code, sections 1886, 1894, 1896,, 1907; Story on Part., sec. 328. It would be proper for this Court to direct what shall be done.

Robert Baugh, for defendant, contended that the jurisdiction of Fulton Superior Court was complete, because the rule was brought there: Adam's Eq., 391, 392, 395-6; 27th Ga. R., 178; 14th Ga. R., 323.

McCay, J.

Why should not this mere stakeholder be discharged from this litigation? The facts set up in the bill are all admitted by the answers of all the parties, to-wit, that Hillyer is a mere stakeholder, has no interest in the fund, and that there is a *bona fide*, and serious dispute among the others, as to who is entitled to control this money. There is besides a serious difficulty, under the Constitution, in trying the rights of these parties in Fulton county. One of these defendants re-

sides in Burke, another in Columbia, and a third in Glynn county, and the matter in dispute is entirely with them. Nobody in the least interested in this fund, resides in Fulton county. Nor is the fund a fund, in Court, raised by its process, or by its order. It is the simple case of one owing money belonging to a partnership. We do not think Fulton county has such a jurisdiction of this matter, as to authorize an investigation and settlement of the affairs of these partners, in Fulton county. The only jurisdiction it has is to enjoin the rule, pending against Mr. Hillyer; and the proper decree is that these parties shall interplead.

This decree the Judge may make without the intervention of a jury, because on the facts, necessary to make such a decree, there is no dispute: Code, section 4142. A decree that the bill is properly filed, disposes of the case, as to the complainant: Daniel's Chancery Practice, 1764. The manner of the interpleading depends upon the nature of the case. If the dispute is one at law, the Court will direct the pleading accordingly: Daniel's Chancery Practice, section 1765.

In analogy to this, we see no reason why the Court of Fulton may not decree the interpleading to be in the county of the residence of one of the parties. Mr. Hillyer stands ready, and proffers to pay this money into Court, or as the Court shall direct. We think he is entitled to be relieved from risk and to have the rule against him enjoined. As appears by the bill and answers, he was employed to collect this money by one of the firm, after its dissolution. After dissolution, one of a firm cannot make a *contract*, in the firm name. The *contract*, in this case, was between Mr. Perkins and Hillyer, that Hillyer should collect, in the firm name, this money. There is no pretence that Perkins is insolvent, or that this money will be moved out of the reach of the other partners, in his hands, than it is now, while in Hillyer's hands. Each partner has a right to collect it, for the firm; and, had Hillyer paid it to Perkins, he would have received it for the use of the partnership.

It is, however, only just that all parties should be fully protected, and we are of opinion that Perkins should give

bond, to account for this money to the parties composing the firm.    After the dissolution, he, through his agent, has collected it.    He is liable to Mr. Hillyer for his fee.    For, whilst he, Perkins, has a right to expend the money of the partnership in the collection of its assets, he dealt with Mr. Hillyer as an individual, and on the contract Mr. Hillyer can only look to him.

Upon the whole, therefore, we think the Court below erred in not making a decree on the bill and answers, as there was no dispute on the facts.

Mr. Hillyer ought to be discharged from the litigation, the rule against him ought to be enjoined, the money ought to be directed to be paid to Perkins, on his filing, in the Clerk's office, a bond to account to his partners for this money, and the partners ought to be left to litigate their rights, in the tribunal which has jurisdiction of their dispute; and we will so direct, under the power granted to this Court, by section 4219, of the Code.    Judgment reversed.